1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY (a.k.a. SOUND
TRANSIT),

Plaintiffs,

v.

LEVEL 3 COMMUNICATIONS, LLC, a
Delaware corporation, and MCI
COMMUNICATIONS SERVICES d/b/a
VERIZON BUSINESS SERVICES, a
Delaware corporation,

Defendants.

No. C10-749 RBL

ORDER DENYING
PLAINTIFF'S MOTION
FOR
RECONSIDERATION
[Dkt. # 43]

This matter is before the court on Plaintiff Sound Transit's Motion for Reconsideration [Dkt. #43] of the Court's Order [Dkt. #42] denying Plaintiff's Motion for Partial Summary Judgment against Defendant Verizon [Dkt. #24] and granting Verizon's cross Motion for Summary Judgment [Dkt. #27]. The dispute's factual background is outlined in that Order.

In its Order, this Court held that Washington law applied, and relied on *Bell v. Gara Fraxa Co.*, 143 Wn. 430 (1927) in concluding that BNSF had effectively reserved from its conveyance to Sound Transit the right to force Verizon to move at its own cost the telecommunications infrastructure located in the subject

ORDER

right of way.   Although the conveying deed did not reserve those rights, the Purchase and Sale Agreement did. The Court held that under *Bell,* that reservation was effective, despite the fact that, absent the Purchase and Sale Agreement's language, the easement benefits and burdens would otherwise "run with the land."

The underlying Right of Way Agreement (an easement granted by BNSF to Verizon's predecessor, MCI) contained a Texas choice of law provision. Sound Transit argues that the Court's reliance on and interpretation of *Bell* creates a conflict between the law of Washington and the law of Texas.  Sound Transit argues that Texas law applies, and that under *Johnson v. Connor,* 260 S.W.3d 575, 580 (Tex. App. 2008) it, and not Verizon, is entitled to summary judgment. Sound Transit correctly reads *Johnson* to hold that the unambiguous deed conveys all rights, even where the purchase and sale agreement contains conflicting language.

Verizon does not disagree that that would be the outcome under Texas law, but strenuously opposes the application of Texas law to this dispute.  It argues that the Court correctly applied Washington law to the dispute, and that the Order should not be reconsidered.

Sound Transit emphasizes that BNSF was headquartered in Texas at the time of the initial 1990 Right of Way Agreement between BNSF' predecessor and MCI, and that under the agreed-upon conflict analysis, that choice should be given effect.

The parties agree that Washington applies the choice of law principles of the Restatement (Second) of Conflict of Laws, §187 (1971).  *See Erwin v. Cotter Health Centers*, 161 Wn.2d 676 (2007).

Section 187 reads in relevant part:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> > (a) *the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice*, or
> >
> > (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(Emphasis added).

Verizon argues persuasively that this section does not require the application of Texas law to the easement located in Washington.  It emphasizes that the contractual provisions at issue  arise from the 2003 conveyance from BNSF to Sound Transit, not from the 1990 conveyance from BNSF's predecessor to Verizon's predecessor, MCI.  The 2003 Agreement (as Amended in 2004) expressly provides that the law of the state of *Washington* applies. Texas law now "has no substantial relationship to the parties or the transaction," even though there was a basis for that choice of law in the prior transaction.

Verizon also points out that the Restatement of Conflicts itself recognizes that a document conveying an interest in real property is to be construed in accordance with the law of the state in which it is located. *See* Restatement (Second) of Conflicts of Laws §223 (1971).

Finally, it is worth noting (though perhaps not dispositive) that sound Transit itself unambiguously urged the Court to apply Washington law to this dispute.  And it did so in the face of Verizon's citation to *Bell,* which was relied upon by the court.

For these reasons, the Court will not Reconsider its prior ruling.  Plaintiff Sound Transit's Motion for Reconsideration [Dkt. #43] is DENIED.

**IT IS SO ORDERED.**

DATED this 4th of May, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE